# EXHIBIT A

## AGREEMENT AND RELEASE

Agreement entered into this <u>19th</u> day of June 2017, between Defendants Skanska U.S.A. Civil Inc., and Michael Di Paolo and the aforementioned entities' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future (Collectively hereinafter referred to as "Defendants"), and Erika Schieler ("Schieler"). The parties desire to avoid the costs, risks, and delays associated with litigation and to resolve the claims asserted in this action between the parties and therefore agree as follows:

**1.     Definition of Parties.**

a. "Plaintiff" shall be defined to include, but is not limited to, Erika Schieler, and all affiliated persons or entities, including, but not limited to, her present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Schieler personally, she will be referred to as "Schieler."

b. "Defendants" shall be defined as Skanska U.S.A. Civil Inc., and Michael Di Paolo (in both his individual and official capacity as General Counsel of Skanska USA Civil Inc.) and the aforementioned entities' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future.

c. "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on September 27, 2016 in the United States District Court, Eastern District of New York, with Civil Action #: 16-CV-5370 (PK).

**2.     Consideration**. In consideration for Ms. Schieler' signing this Agreement and the releases of all claims herein, Defendants agree to make the following payments:

a. A payment to "Erika Schieler" in the amount of Six Thousand Two Hundred Ninety-One and Eighty-Eight Cents ($6,291.88), less applicable taxes and withholdings within thirty (30) days of defense counsel receiving a copy of this Agreement signed by Ms. Schieler, executed W-4 forms for Ms. Schieler and her attorney, and a Stipulation of Dismissal with Prejudice ("Stipulation") in the form annexed hereto as Exhibit A signed by counsel for Plaintiff and approved by the Court;

b. A payment to "Erika Schieler" in the amount of Six Thousand Two Hundred Ninety-One and Eighty-Eight Cents ($6,291.88), representing liquidated and other damages, within thirty (30) days of defense counsel receiving a copy of this Agreement signed by Ms. Schieler, executed W-4 forms for Ms. Schieler and her attorney, and the Stipulation signed by counsel for Plaintiff and approved by the Court;

c. A check made payable to "Borrelli & Associates, P.L.L.C." in the amount of $6,916.24 representing $6,500 in fees and $416.24 as costs within thirty (30) days of defense counsel receiving a copy of this Agreement signed by Ms. Schieler, executed W-4 and/or W-9 forms for Ms. Schieler and her attorney, and the Stipulation signed by counsel for Plaintiff, and approval of this Agreement by the Court;

d. The payments to Plaintiff Schieler above shall be sent by overnight delivery to the office of Plaintiff's counsel, Borrelli & Associates, P.L.L.C., Attention Michael J. Borrelli, Esq., 1010 Northern Boulevard, Suite 328, Great Neck, new York 11021.

e. In the event of Defendants' breach of this section, Plaintiff, through counsel, shall send notice of Defendants' breach to counsel for Defendants at the address described below. Defendants shall be afforded five (5) business days to cure said breach. In the event that Defendants fail to timely cure said breach, Defendants shall be assessed 150% of the entire unpaid settlement amount, which the parties hereby agree is liquidated damages and not a penalty. If any party institutes a lawsuit to enforce the provisions of this Agreement or determine breach of the Agreement, the prevailing party of such proceeding shall be entitled to recover its/their costs of litigation and all of its/their reasonable attorneys' fees, as well as the recovery of reasonable fees and costs incurred to make any fee application.

3. **No Consideration absent Execution of This Agreement.** Plaintiff understands and agrees she would not receive the monies and/or benefits specified in Paragraph 2 above, except for her execution of this Agreement and the discontinuance of the Action with prejudice and release of the claims and causes of action asserted in this action as more stated in section 4 below.

4. **Release of Claims by Plaintiff.** In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of all wage and retaliation claims that were or could be asserted in this Action, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

5. **Release Notification and Withdrawal**.

a. Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with her legal counsel. Plaintiff acknowledges she did so; it is her choice to waive the claims asserted in this action in return for the benefits set forth

herein; and, said choice was made after careful thought, and after consulting with her attorneys. Plaintiff represents that she has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of their immediate family, counsel or financial advisor of her own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

b. Counsel for Plaintiff will take all steps necessary to dismiss and discontinue the Federal litigation. If additional documentation is needed to terminate the Federal Action, the parties shall execute and submit all documents required to terminate such proceedings.

**6.     Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

**7.     Amendment**. Except as provided in Paragraph 6 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

**8.     Resolution of Disputes.** The parties agree that the Court in this Action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this Action.

**9.     Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability, wrongdoing, unethical or unlawful conduct of any kind.

**10.    Entire Agreement.** This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement, and

Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

**11.   Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

**12.   Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

**13.   Joint Participation in Preparation of Agreement**. The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

**14.   Miscellaneous.**

a. All notices or other communication provided for or permitted herein, shall be in writing, and mailed by U.S. Registered or certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

> i.  If to Plaintiff:
> Erika Schieler
> c/o Borelli & Associates, P.L.L.C.
> 1010 Northern Blvd, Suite 328
> Great Neck, New York  11021
>
> ii.  If to Defendants:
> Mark N. Reinharz
> Bond, Schoeneck & King, PLLC
> 1010 Franklin Avenue
> Garden City, New York 11501

b. This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no

objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

  c. This Agreement shall inure to the benefit of Defendants, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Plaintiff and her executors and assigns.

  d. Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

  **15.** **Competency to Waive Claims**. At the time of considering or executing this Agreement, Ms. Schieler was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Ms. Schieler is competent to execute this Agreement and knowingly and voluntarily waives all claims she has asserted in this action against Defendants.

PLAINTIFF HAS BEEN ADVISED THAT SHE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HER COUNSEL, BORELLI & ASSOCIATES, P.L.L.C. REGARDING THE AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFF FREELY, VOLUNTARILY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS SHE HAS ASSERTED IN THIS ACTION AGAINST DEFENDANTS. PLAINTIFF HAS BEEN ADVISED PLAINTIFF MAY REVOKE THIS AGREEMENT WITHIN SEVEN (7) DAYS OF PLAINTIFF'S EXECUTION.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

_____  _____
Skanska U.S.A. Civil, Inc.  Erika Schieler

_____
 Michael Di Paolo

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
ERIKA SCHIELER,

                Plaintiff,

   -against-

SKANSKA U.S.A. CIVIL INC., and
MICHAEL DI PAOLO, individually,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**STIPULATION OF DISMISSAL WITH PREJUDICE**

**Index No. 16 Civ. 5370 (PK)**

    The Court, having reviewed the Agreement and Release that the parties submitted in the above-captioned case, having considered applicable case law, having found the settlement amount and attorneys' fees fair and reasonable, it is ORDERED, ADJUDGED, and DECREED that:

    1. The Agreement and Release between Plaintiff and Defendants (a) is fair to all parties; (b) reasonably resolves a bona fide dispute between the parties with regard to the merits of Plaintiff's claims; and (c) demonstrates a good faith intention by the parties that the Plaintiff's claims for liability and damages be fully and finally resolved and not re-litigated in whole or in part at any point in the future. The Agreement and Release is therefore APPROVED by the Court.

2. The lawsuit is DISMISSED WITH PREJUDICE in its entirety without fees or costs except as agreed to by the parties in the Agreement and Release.

| BORRELLI & ASSOCIATES, P.L.L.C. | BOND, SCHOENECK & KING, PLLC |
|---|---|
| *Attorneys for Plaintiff* | *Attorneys for the Defendants* |

By: _____ _____     By: _____ _____
Michael Minkoff                       Date            Mark N. Reinharz                     Date
655 Third Avenue, Suite 1821                          1010 Franklin Avenue, Suite 200
New York, New York 10017                              Garden City, New York 11530
(212) 679-5000                                        (516) 267-6320

**THE HONORABLE PEGGY KUO**

UNITED STATES MAGISTRATE JUDGE

_____

Dated: Brooklyn, New York

_____, 2017